BEFORE THE THIRD DIVISION, APRIL 3, 1961

No. 65379.—H. W. Robinson & Co., Inc. v. United States, protest 58/19276 (New York).

Opinion by JOHNSON, J. At the trial, the official papers were received in evidence and the case was submitted. An examination of the record showing that the issues are the same as those involved in Abstract 57104, the claim of the plaintiff was sustained.

No. 65380.—Baker, Irons & Dockstader, Inc. v. United States, protest 60/9823 (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that had the complete file been before the collector during his 90-day period for review, the collector would have allowed free entry of the merchandise, the claim of the plaintiff was sustained.

No. 65381.—United China & Glass Co. v. United States, protests 297861–K/14821, etc. (New Orleans).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of decorative after-dinner cups and saucers the same in all material respects as those the subject of *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China & Glass Company* (47 C.C.P.A. 1, C.A.D. 719), the merchandise was held dutiable as follows: (a) The items entered, or withdrawn from warehouse, for consumption prior to September 10, 1955, at 50 cents per dozen, but not less than 45 percent nor more than 70 percent ad valorem, under paragraph 212, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), supplemented by Presidential proclamation (T.D. 51909), and (b) all items entered, or withdrawn from warehouse, for consumption on and after September 10, 1955, at 45 percent under said paragraph, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), supplemented by Presidential proclamation (T.D. 53877).